IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

TONY ETELINI TUAATO,

        Defendant.

Case No. 3:18-cr-00021-SLG

### ORDER RE MOTION TO CORRECT/AMEND JUDGMENT PURSUANT TO CRIMINAL RULE 36

Before the Court at Docket 85 is Defendant Tony Etelini Tuaato's Motion to Correct/Amend Judgment Pursuant to Criminal Rule 36.[1] The Government responded in opposition at Docket 88.

On June 20, 2019, this Court sentenced Mr. Tuaato to 110 months' imprisonment after Mr. Tuaato pled guilty to possessing a firearm as a felon.[2] In February 2024, Mr. Tuaato was sentenced in state court to 13 years' imprisonment for third-degree assault and first-degree misconduct involving a weapon.[3] The state criminal judgment indicated that Mr. Tuaato's state sentence was to run

---

[1] *See* Dockets 86-1, 86-2, 86-3 (Exs.); Docket 89 (Notice of Suppl. Authority).

[2] Docket 77 at 1-2.

[3] Docket 86-1 at 1-2.

concurrent with his federal sentence in this case.[4]  Mr. Tuaato has been in primary state custody since June 20, 2019.[5]

Mr. Tuaato seeks a correction to his sentence pursuant to Federal Rule of Criminal Procedure 36.[6]  Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  "Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing."[7]

Mr. Tuaato represents that his state convictions arose from the same conduct underlying his federal offense, and therefore, pursuant to United States Sentencing Guideline § 5G1.3, his federal and state sentences should run concurrently.[8]  The Government disagrees that the state and federal convictions were for the exact same conduct.[9]  The Government also contends that Mr. Tuaato cannot avail himself of Rule 36 because there was no clerical error and that Mr. Tuaato should instead use the Bureau of Prisons' Administrative Remedy Program

---

[4] Docket 86-1 at 5.

[5] Docket 86-3.

[6] Docket 85 at 4.

[7] *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (citation omitted).

[8] Docket 85 at 3-4.  Both the state criminal judgment and the federal indictment provide an offense date of September 21, 2017.  *See* Docket 86-1 at 1; Docket 2 at 2.

[9] Docket 88 at 3.

Case No. 3:18-cr-00021-SLG, *United States v. Tuaato*
Order re Motion to Correct/Amend Judgment Pursuant to Criminal Rule 36
Page 2 of 4

once he is in federal custody to raise the concurrence issue, and can then seek relief from this Court if dissatisfied the BOP's response.[10]

The Court agrees with the Government that there was no clerical error in the judgment nor is there an error in the record arising from oversight or omission.[11] The Supreme Court has suggested that when a district court "fail[s] to anticipat[e] developments that take place after the first sentencing" and such a failure "produces unfairness to the defendant, [Section 3582(c)(1)(A)] provides a mechanism for relief."[12] The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[13] As such, relief may be available to Mr. Tuaato, if at all, through a § 3582(c)(1)(A) motion.[14] The Court therefore denies Mr. Tuaato's motion at Docket 85 filed pursuant to Rule 36.

---

[10] Docket 88 at 3-4 (citing *Setser v. United States*, 566 U.S. 231 (2012)).

[11] In a Notice of Supplemental Filing at Docket 89, Mr. Tuaato cites to *United States v. Batista*, 3:15-cr-00068-RRB, in which the district court relied on Rule 36 to amend the judgment of conviction. But in that case, at sentencing the Court had ordered and intended the federal sentence to run entirely concurrent with the state sentences, but BOP later refused to give the defendant any credit for the 10 months that he had served prior to the date of his federal sentencing. No such intent was expressed here at sentencing.

[12] *Setser v. United States*, 566 U.S. 231, 242-43 (2012) (internal quotation marks and citation omitted).

[13] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018); *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021) ("[A] district court must enforce the administrative exhaustion requirement articulated in 18 U.S.C. § 3582(c)(1)(A) when the government properly invokes the requirement.").

[14] *See United States v. Fower*, 30 F.4th 823, 824-25, 827 (9th Cir. 2022) (holding that defendant was ineligible for compassionate release prior to incarceration when he sought compassionate release before self-reporting to Bureau of Prisons custody).

Case No. 3:18-cr-00021-SLG, *United States v. Tuaato*
Order re Motion to Correct/Amend Judgment Pursuant to Criminal Rule 36
Page 3 of 4
Case 3:18-cr-00021-SLG   Document 90   Filed 08/02/24   Page 3 of 4

DATED this 2nd day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00021-SLG, *United States v. Tuaato*
Order re Motion to Correct/Amend Judgment Pursuant to Criminal Rule 36
Page 4 of 4

Case 3:18-cr-00021-SLG   Document 90   Filed 08/02/24   Page 4 of 4